IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
DUBUQUE EASTERN DIVISION

---

JAMES SCHREIBER ) Case No. 22-1021
)
      Plaintiff, )
)
vs. )
) COMPLAINT
THE LINCOLN NATIONAL LIFE )
INSURANCE COMPANY )
      Defendant. )

---

Plaintiff JAMES SCHREIBER files his cause of action by his attorneys KAY M. JOHANSEN and THE LAW OFFICE OF KAY JOHANSEN against Defendant THE LINCOLN NATIONAL LIFE INSURANCE COMPANY and states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability plan underwritten and/or administered by the Lincoln National Life Insurance Company ("Lincoln"), for the benefit of employees of Schieffer CO. International L.C. In addition, this action may be brought before this court pursuant to 28 U.S.C. §1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

1

3. Venue is proper in the Northern District of Iowa because payment of benefits was to be received by Plaintiff, who resides in Dubuque County, Iowa, and where the breach occurred. 29 U.S.C. §1132(e)(2), 28 U.S.C. § 1391.

**NATURE OF ACTION**

4. This is a claim seeking income benefit payments to Schreiber pursuant to a policy of insurance underwritten by Lincoln, effective January 1, 2018 (Policy No.00001024038) to provide Long-Term Disability Insurance Benefits (the "Policy" or "Plan") to employees of Schieffer CO. International L.C. ("Schieffer"), such as Plaintiff under the terms of the policy (a copy of the policy is attached and by that reference is incorporated herein as Exhibit A). This action, seeking recovery of benefits, is brought pursuant to 29 U.S.C. §1132 (a)(1)(B).

**THE PARTIES**

5. The Plaintiff, JAMES SCHREIBER ("Schreiber"), is and was a resident of Dubuque, Dubuque County, Iowa, at all times relevant to this action. At all times relevant to this action, Schreiber was employed by Schieffer, which is located in Peosta, Iowa, and within the Northern District of Iowa.

6. Defendant Lincoln is an insurance company authorized and engaged in the insurance business in the State of Iowa and in the Northern District of Iowa.

7. At all times relevant to this action, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1). Incident to Schreiber's employment with Schieffer, he received coverage under the Plan as a "participant," as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

## STATEMENT OF FACTS

8. For and in consideration of premiums paid, Lincoln issues a policy of disability income insurance (00001024038) providing for payment of monthly benefits in the event a Schieffer employee becomes "totally disabled." The Plan uses the following definition to determine disability:

**"Total Disability"** or **"TotallyDisabled",** with respect to Long Term Disability, is defined as:

1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation.

Plan at 9 (Ex. A).

**"Main Duties"** are defined as:

1. job tasks that are normally required to perform the Insured Employee's Own Occupation; and
2. could not be reasonably modified or omitted.
3. Job tasks are defined as described in the U.S. Department of Labor Dictionary of Occupational Titles; and as performed in the general labor market and national economy.

Plan at 7 (Ex. A).

**"Own Occupation"** is defined as:

A collective description of related jobs, as defined by the U.S. Department of Labor Dictionary of Occupational Titles.

Plan at 8 (Ex. A).

9. Schreiber was employed as Human Resources Manager by Schieffer until December 2018, when his physician concluded that Schreiber was unable to return to work.

10. Subsequent to ceasing employment, Schreiber submitted a claim for long term disability benefits.

11. On July 9, 2019, Schreiber was denied long term disability benefits.

12. On January 13, 2020, Schreiber appealed the denial of long term disability benefits. On January 28, 2020, Schreiber submitted his supplemented appeal, citing and submitting additional evidence and argument from examining and treating physicians in addition to a vocational report, identifying multiple job titles which reflected his job duties.

13. By letter dated March 31, 2020, Schreiber submitted a response to Lincoln's letter dated February 19, 2020, submitting additional medical evidence by his treating medical providers and his affidavit testimony.

14. By letter dated April 15, 2020, Lincoln denied long term disability benefits to Schreiber. On October 12, 2020, Schreiber submitted his appeal of Lincoln's second denial of long term disability benefits.

15. By letter dated November 18, 2020, Lincoln denied long term disability benefits. On September 2, 2021, Schreiber submitted his appeal to Lincoln's November 18, 2020, denial of benefits.

16. By letter dated September 20, 2021, Lincoln denied long term disability benefits. This letter advised Schreiber that he had exhausted all rights of appeal and his administrative file

was closed. This letter also advised Schreiber that he had the right to bring a lawsuit no later than October 2, 2022.

17. Since the onset of disability, Schreiber has continuously met the definition of disability as defined by the Plan. Further, Schreiber has been under the regular and continuous care of his treating physician, who has certified his disability and who reported to Lincoln that he meets the plan's definition of disability.

18. The determination by Lincoln that Schreiber is not disabled is unreasonable and contrary to the terms of the plan, contrary to the evidence, and contrary to the reports and assessments of his treating physicians, other medical providers and a vocational consultant.

19. A conflict of interest is present in this case because Lincoln possesses the authority to make benefit decisions and pay benefits.

20. As a direct and proximate result of the foregoing, based on the evidence submitted to Lincoln establishing Schreiber has met the plan's disability definition, Schreiber is entitled to all benefits due as allowed pursuant to the Plan's maximum benefit period.

WHEREFORE, Schreiber respectfully requests the following relief:

A. That the court enter judgment in Schreiber's favor and against Lincoln and that the court order Lincoln to pay disability income benefits to Schreiber in an amount equal to the contractual amounts of benefits to which he is entitled;

B. That the court order Lincoln to pay Schreiber prejudgment interest;

C. That the court order Lincoln to continue paying Schreiber so long as he meets the policy terms and conditions for receipt of benefits;

D. That the court award Schreiber all attorney's fees owed pursuant to 29 U.S.C §1132 (g), and

E. That Schreiber recover any and all other relief to which he may be entitled, as well as the costs of suit.

/s/ Kay M. Johansen
Kay Johansen
The Law Firm Of Kay Johansen
504 First Avenue S.E.
Mount Vernon, Iowa 52314
Telephone:(319)895-6540
Fax: (319)895-6560
E-Mail: kay.johansen@kjohansenlaw.com
ATTORNEYS FOR PLAINTIFF